UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMES GREEN,

      Plaintiff,

vs.

LINCOLN LIFE ASSURANCE COMPANY
OF BOSTON,

      Defendant.

_____)

## COMPLAINT

The Plaintiff, James Green ("GREEN"), by and through the undersigned counsel, hereby sues Lincoln Life Assurance Company of Boston ("LINCOLN") and alleges:

## PRELIMINARY ALLEGATIONS

1.     "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under employee benefits plans regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of employee benefits plans, and to clarify Plaintiff's rights under the employee benefit plans administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.     GREEN was at all times relevant a plan participant under the Luby's Fudruckers Restaurants Long Term Disability Plan ("LTD" Plan).

3.     Defendant, LINCOLN, is a corporation with its principal place of business

in the State of Massachusetts, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINCOLN is the insurer of benefits under the Luby's Fudruckers restaurants LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.

4.     The LINCOLN LTD Plans are employee welfare benefit plans regulated by ERISA, established by Luby's, under which GREEN was a participant, and pursuant to which GREEN is entitled to Long Term Disability benefits ("LTD benefits").

5.     Pursuant to the terms and conditions of the LTD Plan, GREEN is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as GREEN remains disabled as required under the terms and conditions of the LTD plan.

6.     Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7.     GREEN incorporates by reference all preceding paragraphs as though fully set forth herein.

8.     At all times relevant, GREEN was an employee or former employee of Luby's Fudruckers and a plan participant under the terms and conditions of the LTD Plan.

9.     Prior to disability GREEN worked as a Restaurant Manager for Luby's Fudruckers.

10.     During the course of GREEN's employment, GREEN became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while GREEN was

covered under the LTD Plan, GREEN suffered a Sickness as defined by the LTD Plan resulting in disability rendering him disabled as defined under the terms of the LTD Plan.

11.     The LTD Plan defines Disability, in pertinent part, to mean: (i) that during the Elimination Period and the next 24 months of Disability the Covered Person, as result of Injury or Sickness, is unable to perform the material and substantial duties of his own occupation; and (ii) thereafter, the covered person is unable to perform, with reasonable continuity, the material and substantial duties of any occupation.

12.     Pursuant to the terms of the LTD Plan, GREEN made a claim to LINCOLN for benefits under the LTD Plan with an effective date of disability of February 25, 2019.

13.     Following the Elimination Period, benefits were payable as of May 26, 2019.

14.     On June 5, 2021, LINCOLN notified GREEN it was denying his claim for LTD Benefits.

15.     On June 25, 2022, GREEN submitted his administrative appeal.

16.     On September 30, 2022, LINCOLN advised GREEN that it was upholding the denial of his claim for benefits.

17.     GREEN has exhausted his mandatory administrative remedies.

18.     LINCOLN breached the LTD Plan and violated ERISA in the following respects:

   a.   By failing to pay LTD benefits to GREEN at a time when LINCOLN and the LTD Plan knew, or should have known, that GREEN was entitled to those benefits under the terms of the LTD Plan, as GREEN was disabled and unable to work and therefore entitled to benefits.

   b.   After GREEN's claim was denied in whole or in part, LINCOLN failed to

adequately describe to GREEN any additional material or information necessary for GREEN to perfect his claim along with an explanation of why such material is or was necessary.

c. LINCOLN failed to properly and adequately investigate the merits of GREEN's disability claim and failed to provide a full and fair review of GREEN's claim.

19. GREEN believes and alleges that LINCOLN wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which GREEN is presently unaware, but which may be discovered in this future litigation and which GREEN will immediately make LINCOLN aware of once said acts or omissions are discovered by GREEN.

20. As a proximate result of the aforementioned wrongful conduct of LINCOLN under the LTD Plan, GREEN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

21. As a further direct and proximate result of this improper determination regarding GREEN's claims for benefits, GREEN, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GREEN is entitled to have such fees and costs paid by LINCOLN.

22. The wrongful conduct of LINCOLN has created uncertainty where none should exist, therefore, GREEN is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, James Green prays for relief against The Lincoln Life Assurance Company of Boston as follows:

1.      Payment of disability benefits due to Plaintiff;

2.      An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability.

3.      In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.      Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.      Such other and further relief as this Court deems just and proper.

DATED:  April 5, 2023

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2625 Weston Road
Weston, FL 33331
(954) 620-8300

__/s/ *Jason Macri*_____
JASON MACRI, ESQUIRE
Florida Bar No.: 0770361
Email: jason@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com